UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Laura Wampler, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AFNI, Inc., )<br>Defendant. )<br>_____) | **1 : 11 -cv- 0 5 8 1 JMS -MJD** |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

**I.   Introduction**

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

**II.   Jurisdiction and Venue**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

**III.   Parties**

4. Plaintiff, Laura Wampler, is a natural person of the full age of majority, residing in the City of Indianapolis, Marion County, Indiana.

5. Plaintiff is a debtor under Chapter 7 of Title 11 of the United States Code in Bankruptcy Case No. 10-04384-JKC.

6. Plaintiff is a "consumer" as that term is defined by § 1692(a).

7. Defendant, AFNI, Inc., (hereinafter referred to as "AFNI"), is an Illinois corporation engaged in the business of collecting debt in this state with its principal place of business located at 404 Brock Drive, Bloomington, Illinois, 61701. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due to another.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as that term is defined by §1692a(6).

### IV. Factual Allegations

9. Defendant AFNI is a debt collection agency attempting to collect a debt from Plaintiff. AFNI is attempting to collect on a debt on behalf of AT&T.

10. The Plaintiff incurred a debt to AT&T that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

11. Plaintiff filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on March 30, 2010 under case number 10-04384-JKC-7.

12. The Plaintiff's bankruptcy petition contained several schedules of assets and debts.

13. Schedule F of Plaintiff's bankruptcy petition contained an unsecured debt to AT&T.

14. The Bankruptcy Noticing Center sends notifications either by mail or electronic transmission, if an entity signs up for that service. The Bankruptcy Noticing Center sends the notice of bankruptcy and the notice of the 341 meeting of the creditors, the notice of discharge, and any other notices to all creditors that Plaintiff listed in her schedules of assets and debts.

15. On April 3, 2010, The Bankruptcy Noticing Center sent notice to AT&T of Plaintiff's 341 Meeting of the Creditors. See Certificate of Service of 341 Notice Attached hereto as Exhibit "A."

16. Included with the 341 notice, is information regarding what actions creditors may not take pursuant to the automatic stay. The automatic stay begins when the Plaintiff files for bankruptcy.

17. On July 23, 2010, Plaintiff's bankruptcy was discharged. AT&T was notified of this discharge by the Bankruptcy Noticing Center on July 24, 2010. See Discharge of Debtor Notice Attached hereto as Exhibit "B."

18. At some point, AT&T, a creditor listed on the bankruptcy notice sent by the Bankruptcy Noticing Center on January 28, 2011, retained the services Defendant AFNI to collect on a debt included in the bankruptcy.

19. On or about April 2011, AFNI telephoned Plaintiff in an attempt to collect on a debt to AT&T included in Plaintiff's bankruptcy. The first and second time AFNI telephoned Plaintiff, she informed AFNI that this debt was included in her

bankruptcy, that she was represented by Mr. Steinkamp, and gave Mr. Steinkamp's contact information.

20. Despite these two notices by Plaintiff to Defendant, Defendant called for a third time on April 26, 2011.

### V. First Claim for Relief: Violation of the FDCPA

21. The allegations of Paragraphs 1 through 20 of the complaint are realleged and incorporated herewith by references.

22. Defendants violated the FDCPA by contacting Plaintiff as an attempt to collect a debt despite being informed of her representation by counsel, pursuant to 15 U.S.C. §1692c.

23. Defendants violated the FDCPA by contacting Plaintiff directly instead of the attorney openly representing the debtor, pursuant to 15 U.S.C. § 1692c.

24. Defendants violated the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, pursuant to 15 U.S.C. § 1692d by placing telephone calls to a person known to be in bankruptcy as an attempt to collect on a debt included in that bankruptcy.

25. Defendants violated the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of any debt, pursuant to 15 U.S.C. § 1692e by trying to collect on a debt that the bankruptcy had legally enjoined any party from collecting on.

26. Defendants violated the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt, pursuant to 15 U.S.C § 1692f by contacting a person who filed bankruptcy partially to erase fear of creditors and debt collectors, and reasonably should have known that party was in bankruptcy.

27. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

WHEREFORE, Plaintiff, having set forth her claims for relief against Defendants, respectfully prays the Court as follows:

1. That Plaintiff has and recovers against Defendants a sum to be determined by the Court in the form of actual damages;

2. That Plaintiff has and recovers against Defendants a sum to be determined in the form of statutory damages;

3. That Plaintiff has and recovers against Defendants all reasonable legal fees and expenses incurred by the attorney;

4. That Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiffs
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com